**THE LAW OFFICE OF MYKHAL OFILI, P.C.**
Mykhal N. Ofili, Esq. (State Bar No. 310723)
3281 E. Guasti Rd., Suite 700
Ontario, CA 91761
Telephone: (909) 212-7679
Fax: (909) 363-7390
Email: mykhalofili@gmail.com

Attorney for Plaintiff,
MELVIN "STEVE" HILL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN "STEVE" HILL, an individual,<br><br>              Plaintiff,<br><br>       v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES, a local public entity; THOMAS A. MAXWELL, an individual, and DOES 1-100, inclusive<br><br>              Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. Section 1983)**<br><br><br><br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Melvin "Steve" Hill, complains of Defendants, and each of them as follows:

## SUMMARY

This action arises from the unreasonable search of Plaintiff, MELVIN "STEVE" HILL by Palmdale Sheriff's Station Deputy Sheriff THOMAS A.

-1-

MAXWELL on February 11, 2020 in Palmdale, California. Plaintiff brings suit for violation of civil rights pursuant to 42 U.S.C. Section 1983.

## PARTIES

1. Plaintiff, MELVIN "STEVE" HILL is, and at all times herein mentioned was, a resident of the County of LOS ANGELES, California.

2. Defendant, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT is and was a charted public entity duly organized and existing under and by virtue of the laws of the State of California. Los Angeles County Sheriff's Department was and is a department and subdivision of Defendant County of Los Angeles, California. Defendants County of Los Angeles, Los Angeles County Sheriff's Department and Thomas A. Maxwell were each at all relevant times responsible for hiring, training, and supervising the conduct, policies and practices of its employees and agents and all of its members. In doing all the things alleged herein, each defendant acted under color of their authority, and under color of the statutes, ordinances, regulations, customs, and usages of the State of California, the County of Los Angeles, and the Los Angeles County Sheriff's Department, Palmdale Station and pursuant to the official policy of the County of Los Angeles, California, and its Sheriff's Department at the Palmdale Station. Each individual defendant named herein is sued in his/her individual capacity.

3. Defendant, THOMAS A. MAXWELL is, and at all times herein mentioned was, a deputy sheriff for the County of Los Angeles Sheriff's

- 2 -

Department Palmdale Station and committed the acts complained of herein while acting within the scope and course of their official duties as police officers. Defendant THOMAS MAXWELL is sued in his individual and official capacities.

4. Doe Defendants: Defendants Does 1 to 100, inclusive, are sued under fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

5. All Defendants acted under color of law in committing the acts complained of herein.

6. Plaintiff demands a jury trial.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. On February 11, 2020 Plaintiff was approached at his home by Defendant MAXWELL, an on-duty officer with the Los Angeles County Sheriff's Department, Palmdale Station and questioned regarding his whereabouts, without probable cause and without provocation.

- 3 -

8. Defendant MAXWELL also asked Plaintiff, "Why (Plaintiff) was in his neighborhood".

9. Plaintiff took this questioning and the subsequent statements by Defendant MAXWELL as a threat to his person.

10. Plaintiff duly filed a complaint through the normal procedures listed by the Los Angeles County Sheriff's Department.

11. Defendant LOS ANGELES COUNTY SHERIFF conducted an internal investigation and determined that the officer's actions were appropriately following up a "suspicious activity" call, however were inappropriate with regard to the lack of documentation of the event.

12. All Defendants acted under color of law in committing the acts complained of herein.

### FIRST CAUSE OF ACTION

**Violation of Civil Rights – 42 U.S.C. Section 1983**

**Against All Defendants**

13. Plaintiff incorporates by reference, as though fully set forth herein, the allegations of Paragraphs 10 through 14, inclusive.

14. The search and questioning by Defendant MAXWELL at the residence of Plaintiff, was unreasonable under the prevailing circumstances and thus violated the Plaintiff's right not to be subjected to unreasonable seizure guaranteed by the Fourth Amendment of the United States Constitution.

- 4 -

PLAINTIFF'S COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS

## SECOND CAUSE OF ACTION

### Violation of Civil Rights – 42 U.S.C. Section 1983

### Monell Claim Against All Defendants

15. Plaintiff incorporates by reference, as though fully set forth herein, the allegations of Paragraphs 10 through 14, inclusive.

16. Defendant Los Angeles County Sheriff, Palmdale Station and County of Los Angeles has a duty to adequately train, supervise and discipline their police officers in order to protect members of the public, including Plaintiff, from unreasonable searches and seizures at the hands of the Deputy Sheriffs.

17. Defendant Los Angeles County Sheriff's Department, Palmdale Station had a duty to adequately train, supervise and discipline their deputy sheriffs in order to protect members of the public from being harmed unnecessarily.

18. Said Defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained herein.

WHEREFORE, Plaintiff prays as Judgment as follows:

1. For general damages in the amount of $100,000.00;

2. For special damages in an amount to be proven at trial;

3. For punitive damages against each defendant in the amount of $500,000.00;

4. For the costs of suit incurred by Plaintiff; and

5. For such other and further relief as this Court may deem proper.

- 5 -

DATED: June__01, 2020                    **LAW OFFICE OF MYKHAL OFILI. P.C.**

By: _____

Mykhal N. Ofili, Esq.
Attorney for Plaintiff
MELVIN "STEVE" HILL

PLAINTIFF'S COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS